IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV39-03-MU

| | |
|---|---|
| RODNEY D. SPRUILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| OFFICER J. KLAVER, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) filed on April 15, 2009.

In his Complaint, Plaintiff alleges that Defendants Officer Travis and Officer Klaver sexually harassed him on March 11 and 12, 2009. Plaintiff then filed a grievance on March 27, 2009 concerning the sexual harassment by Officers Travis and Klaver. In response to the grievance, an investigation was initiated, but Plaintiff refused to talk to the officer conducting the investigation because he believed his life was in danger. Plaintiff contends that he was then charged with a disciplinary violation of making false allegations against a staff member. Plaintiff contends this disciplinary charge was in retaliation for his filing a grievance.

First, the Court questions whether this conclusory claim is sufficient to state a claim for relief. Next, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See

1

Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, while Plaintiff checked the box on his form Complaint indicating that he had exhausted his administrative remedies, it is clear to the Court from the grievance he attached to his Complaint that he did not. Indeed, Plaintiff attached a copy of his grievance in which he stated that he "plan[ned] to exhaust this matter and seek compensation . . . ." (Doc. No. 2.) Therefore, as admitted by Plaintiff, his grievance has not yet made its way through the three step grievance process. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's Complaint and attached grievance that he has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his

Complaint

**SO ORDERED**.

Signed: April 23, 2009

Graham C. Mullen
United States District Judge